**Warren YEOMANS et al., Plaintiffs-Appellants,**

v.

**COMMONWEALTH OF KENTUCKY et al., Defendants-Appellees.**

No. 74–2003.

United States Court of Appeals, Sixth Circuit.

April 28, 1975.

Robert E. Manley, John D. McClure, Cincinnati, Ohio, for plaintiffs-appellants.

Robert E. Hatton, Charles C. Mihalek, Jr., Thomas C. Jacobs, Lexington, Ky., Jack R. Cunningham, Frankfort, Ky., Ira Owen Kane, Columbus, Ohio, Ed W. Hancock, Atty. Gen. of Ky., James M. Ringo, Frankfort, Ky., William J. Brown, Atty. Gen. of Ohio, William G. Compton, Columbus, Ohio, for defendants-appellees.

Before PECK and LIVELY, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

The appeal before this court involves one issue which was severed from a complicated case now before the United States District Court for the Southern District of Ohio as an outgrowth of the failure of the Harmony Loan Company of Newport, Kentucky. Plaintiffs-appellants, a group of investors in Harmony Loan, seek to recover from the Commonwealth of Kentucky and the State of Ohio money damages allegedly caused by the States' violations of federal securi-

ties laws.[1] Specifically, plaintiffs charge that the defendant States went beyond their regulatory functions and became aiders and abettors or participants in fraudulent activities which resulted in widespread losses to the investors and which exposed other persons to suit by the investors in the court below. The district court granted the defendant States' motions to dismiss on the grounds that the Eleventh Amendment [2] provides complete immunity from suit under the facts in this case. That ruling is challenged here.

The facts as they relate to the singular issue herein considered are not complex. Harmony Loan was established in 1960 to engage in the business of providing funds to finance consumer transactions. Funds for the loans were obtained by selling securities to the public, predominantly residents of Kentucky and Ohio. The Commonwealth of Kentucky and the State of Ohio, pursuant to applicable statutes [3] and through their respective agencies, undertook to regulate the actions of Harmony Loan in connection with the sale of its securities. Harmony Loan became insolvent in 1972, whereupon plaintiffs filed suit against a large number of individuals and entities involved in the sale and distribution of the securities, including the States of Kentucky and Ohio. Defendant States, as hereinabove related, successfully interposed Eleventh Amendment immunity in the district court.

We note at the outset that neither Kentucky nor Ohio has expressly waived its traditional immunity in this area,[4] and if a waiver is to be found it must be implied. Plaintiffs argue that entry by a state, in its regulatory capacity, into the congressionally regulated area of securities constitutes just such an implied waiver of immunity. This court has specifically rejected that argument.

"Our examination of both the Securities Act of 1933 and the Securities Exchange Act of 1934 totally fails to reveal 'a purpose of Congress to make it possible for a citizen of that State or another State to sue the State in the federal courts.' [Quoting Employees v. Missouri Public Health Dep't, 411 U.S. 279, 285, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973).] . . . There is nothing to suggest that either federal act was intended to be or should be construed either to divest [a state] of the power to regulate its state chartered institutions or beyond that, to do so only upon condition of its consent to be sued by one of its own citizens if that power is for any reason improperly exercised." [5] Brown v. Kentucky, 513 F.2d 333 (6th Cir. 1975).

In *Brown,* plaintiff sought to recover for damages resulting from alleged violations of federal securities laws on the part of the Commonwealth of Kentucky arising from the fraudulent or grossly negligent failure of the Commissioner of Banking and Securities to discover and disclose certain irregularities connected with a state chartered savings and loan association. In the instant case, plaintiffs alleged that Kentucky and Ohio regulatory agencies "knowingly or with gross negligence" permitted or failed to prevent violations of both state and federal securities laws. Although couched in different language and arising out of unrelated factual circumstances, the allegations made in the two cases are nearly

1. Plaintiffs alleged violations of the Securities Act of 1933, 15 U.S.C. § 77a et seq., and the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq.

2. The Eleventh Amendment:
   "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

3. Kentucky Securities Act, K.R.S. 292.310 et seq.; Ohio Securities Act, O.R.C. 1707.01 et seq.

4. See Kentucky Constitution, § 231; Ohio Constitution, Art. II, §§ 22 and 29.

5. Brown v. Kentucky relies heavily upon Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

identical and we perceive no basis for reaching a result other than that reached in *Brown.*

Plaintiffs urge that the defendant States, by their failure to properly regulate in accord with state statutes, went beyond regulation and became aiders and abettors or active participants in the fraudulent activities of Harmony Loan. We fail to see that that theory advances plaintiffs beyond the waiver threshold. Regardless of what the specific allegations may be, the complained of activities of the defendant States arose out of the immunity clothed function of governmental regulation of securities.

Accordingly, the judgment of dismissal as to the Commonwealth of Kentucky and the State of Ohio is affirmed.