No. 75–138.   YEOMANS ET AL. *v.* KENTUCKY ET AL. C. A. 6th Cir.   Certiorari denied.

MR. JUSTICE BRENNAN, dissenting.

Petitioners, including citizens of Kentucky and Ohio, instituted this class action on behalf of all purchasers of nonvoting shares of Harmony Loan Co. of Kentucky seeking damages from the Commonwealth of Kentucky, the State of Ohio, certain agencies of these

States, and other defendants not relevant here. Petitioners alleged that the States aided and abetted, or participated in, fraudulent activities in violation of the Securities Act of 1933 (48 Stat. 74, as amended, 15 U. S. C. § 77a *et seq.*), the Securities Exchange Act of 1934 (48 Stat. 881, as amended, 15 U. S. C. § 78a *et seq.*), and various rules promulgated by the Securities and Exchange Commission (primarily Rule 10b–5, 17 CFR § 240.10b–5 (1975)). The United States District Court for the Southern District of Ohio dismissed the action as to the States on the ground that it was barred by the Eleventh Amendment, and the United States Court of Appeals for the Sixth Circuit affirmed, 514 F. 2d 993 (1975).

In part, this suit is brought by citizens of Kentucky and Ohio against Kentucky, Ohio, and agencies of these States. In that circumstance, the States may not invoke the Eleventh Amendment as to plaintiffs suing their own States, since that Amendment bars federal court suits against States only by citizens of other States. Rather, the question is whether the States may avail themselves of the nonconstitutional but ancient doctrine of sovereign immunity as a bar to petitioners' claims for damages. In my view the States may not assert sovereign immunity for the reason I expressed in dissent in *Employees* v. *Missouri Public Health Dept.*, 411 U. S. 279, 298 (1973): The States surrendered that immunity, in Hamilton's words, "in the plan of the Convention" that formed the Union, at least insofar as the States granted Congress specifically enumerated powers. See *id.*, at 319 n. 7; *Parden* v. *Terminal R. Co.*, 377 U. S. 184 (1964). Congressional authority to enact the securities laws cited above is found in Art. I, § 8, cl. 3, one of the enumerated powers granted Congress by the States in the Constitution. I remain of the opinion that "because of

its surrender, no immunity exists that can be the subject of a congressional declaration or a voluntary waiver," 411 U. S., at 300, and thus have no occasion to inquire whether or not Congress authorized actions against the States for federal securities law violations, or whether Kentucky and Ohio have waived immunity on the facts of this case.

I would grant certiorari and reverse the judgment.